**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**


SUMNER STONE,
    Appellant,

v.                                                            C.A. No. 11-631

LISA GEREMIA, CHAPTER 7
TRUSTEE FOR KEVEN A. MCKENNA and
THOMAS P. QUINN, CHAPTER 7
TRUSTEE FOR KEVEN A. MCKENNA P.C.,
    Appellees.


### MEMORANDUM AND ORDER

This matter is before the court on the *pro se* appeal of Sumner Stone, who seeks review of a final decision entered by the United States Bankruptcy Court for the District of Rhode Island. In 2010, Sumner Stone ("Stone") was working as a paralegal for Attorney Keven A. McKenna ("McKenna") and his law firm McKenna P.C. ("P.C."). On Stone's final day on the job, he claims he was assaulted by McKenna. Stone filed a workers' compensation claim, and the Workers' Compensation Court ("WCC") determined that he was entitled to benefits. McKenna responded by filing multiple pleadings in the WCC and various lawsuits in state courts to contest that determination. Eventually, both McKenna and the P.C. filed for bankruptcy and Stone filed his claims in those consolidated actions.[1]

Judge Arthur Votolato of the Bankruptcy Court heard the trustees' objections to Stone's claims and, in a Decision and Order

---

[1] In the Bankruptcy Court, these matters were designated BK No. 10-10256 and AP No. 1:10-1069.

entered December 2, 2011, decided in favor of Defendants on all but one issue. Judge Votolato granted Stone's claim for unpaid wages in the amount of $2,000.00. As to the remaining issues, Judge Votolato disallowed Stone's claims, citing Stone's lack of evidentiary support for each allegation. Stone now appeals that judgment. For the reasons outlined below, this Court agrees with the decision and findings of Judge Votolato.

## Background

In 2008, McKenna hired Stone as an at-will employee to perform paralegal services for his law firm. Stone was to be paid $20.00 per hour, for a maximum of twenty hours per week. This arrangement, and Stone's employment, ended on March 30, 2009, when Stone alleges that McKenna physically assaulted and injured him. Shortly thereafter, Stone filed for workers' compensation benefits.

Upon reviewing Stone's claim, the WCC made several findings. The first was that Stone had suffered a work-related injury, leaving him partially incapacitated, for which he was entitled to benefits. The second finding was that the P.C. had no insurance coverage for the operative time period. Finally, the WCC found that neither workers' compensation benefits nor attorney's fees had been paid to Stone.

After the employment relationship between Stone and McKenna ended, the two skirmished in public over what had gone wrong. On October 5, 2010, The Providence Journal published an article chronicling the dispute. The article quoted McKenna as stating

that the Workers Compensation officials were "aiding and abetting a crook."  Additionally, Stone alleges, McKenna publicly criticized Stone's paralegal skills to other local attorneys.  Stone was unable to find another paralegal position.

Stone's misfortunes were compounded when a rental property he owned in East Providence went into foreclosure. The property had been abandoned by its tenants in early 2008, causing Stone to lose rental income; however, Stone contends that the foreclosure was caused by his financial problems resulting from his loss of employment with McKenna and the P.C., and his subsequent inability to secure employment.

As part of McKenna's continuing efforts to avoid paying Stone the benefits awarded by the WCC, McKenna filed defensive pleadings there, and commenced numerous lawsuits in state courts and, eventually, the present proceedings.

In January 2010, both McKenna and the P.C. filed for bankruptcy under Chapter 11.  Stone filed claims in the individual actions, many of them duplicate claims.  His claims against the P.C. totaled $677,263; and his claims against McKenna individually totaled $642,450.  Both debtors filed adversary proceedings challenging Stone's claims.  Ultimately, trustees were appointed in both cases and the cases were consolidated.  The cases were also converted to Chapter 7 bankruptcies, as a result of McKenna's failure to meet the requirements of 11 U.S.C. §§ 1121(e) and 1129(e).  The trustee for the P.C. reached a settlement with Stone

on the workers' compensation award, pursuant to which Stone received weekly benefits, totaling $33,173.99, for a two-year period.

### **Bankruptcy Court Decision**

Stone's claims in the Bankruptcy Court, where he also appeared *pro se*, were a mishmash. Judge Votolato prefaced his analysis by stating that Stone failed to present sufficient evidence to support any of his claims, with the exception of the unpaid wage claim. Stone claimed that the P.C. had failed to pay him earned wages in the amount of $2,985.00. Judge Votolato allowed this claim in the reduced amount of $2,000.00. This award has not been challenged and is not before the Court on appeal.

Stone filed three additional identifiable claims in the Bankruptcy Court: one for defamation and defamation per se; one for abuse of process and one for consequential damages. Citing Stone's dearth of evidence and his failure to set forth the *prima facie* elements of his claims, Judge Votolato denied all three claims. Stone now appeals this ruling.

### **Standard of Review**

A bankruptcy court's factual findings will not be overturned unless clearly erroneous. Palmacci v. Umpierrez, 121 F.3d 781, 793 (1st Cir. 1997). Legal conclusions are reviewed de novo. Id.

### **Analysis**

Stone continues to argue strenuously about the fairness and accuracy of his claims against McKenna and the P.C.  Unfortunately,

-4-

he has nothing of substance to add to his murky filings in the bankruptcy court.

### ***Defamation and defamation per se***

Stone claims that he has been defamed by McKenna and the P.C. and has suffered damages in the amount of $125,000.  Stone claims that McKenna made defamatory comments on October 8, 2010, October 14, 2010, and October 15, 2010.  To support this claim, Stone has produced McKenna's statement, published in The Providence Journal on October 5, 2010, characterizing the WCC's benefit award to Stone as tantamount to "aiding and abetting a crook."  In addition to the newspaper article, Stone also claims that McKenna criticized him in front of other attorneys, which precluded Stone from obtaining other employment.  However, despite the inclusion of specific dates in his claims, Stone has not produced any specifics of other defamatory comments made to other attorneys or elsewhere.  Instead, Stone focuses the Court's attention on his subjective feelings of injury.

Defamation is a state law cause of action and as such, Rhode Island defamation law is applicable to Stone's claim. In order to make out a cause of action for defamation in Rhode Island, a claimant must prove that a false and defamatory statement was made concerning the claimant, and that there was an unprivileged publication to a third party. Lyons v. Rhode Island Public Employees Council 94, 516 A.2d 1339, 1342 (R.I. 1986). In addition, the claimant must prove the speaker knew or should have known that

the statement was false. Id.  Finally, the claimant must prove damages. Id. The burden of proof lies with the person claiming defamation. Cullen v. Auclair, 809 A.2d 1107, 1113 (R.I. 2002). In addition to his claim for defamation, Stone also alleges that McKenna is guilty of defamation *per se*. Rhode Island law requires that the elements of a specific crime be alleged by a defendant for his statements to support a claim of defamation *per se*. See Marcil v. Kells, 936 A.2d 308, 314 (R.I. 2007).

While recognizing that McKenna's use of the work "crook" carried negative connotations, Judge Votolato concluded that The Providence Journal newspaper article was insufficient to support Stone's claims for defamation because McKenna's comments placed as much blame on the WCC as on Stone, and because Stone failed to demonstrate that he suffered any damages resulting from the comment.  As for Stone's defamation *per se* claim, McKenna's derogatory characterization of Stone stopped short of outlining the elements of a crime, or any specific misconduct on Stone's part.

On appeal, Stone has offered no additional evidence as to other defamatory statements made by McKenna, nor any additional support to demonstrate that he sustained any damages as a result of McKenna's published comment.  Consequently, the judgment of the Bankruptcy Court on these claims should be affirmed.

### *Abuse of process*

Stone's third claim in the Bankruptcy Court was for abuse of process. To support this claim, Stone produced evidence of the

numerous pleadings and lawsuits which McKenna filed contending the findings of the WCC.

Like the defamation claim, Stone's claim for abuse of process is based on state law. See Hoffman v. Davenport-Metcalf, 851 A.2d 1083, 1092 (R.I. 2004). Stone bears the burden of proving that McKenna instituted proceedings against him, and that McKenna used these proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish. Id. at 1090. A claim lacking in specificity as to the facts surrounding the claim, or failing to show specific injury resulting from an alleged abuse of process is insufficient to meet his burden of proof. Id.

In Bankruptcy Court, Stone recounted the extensive volume of the court proceedings that McKenna launched to try to defeat Stone's workers' compensation claim. However, he failed to provide evidence of McKenna's ulterior motive or wrongful purpose. Moreover, Stone again failed to allege that he suffered a specific injury, other than distress. Consequently, Judge Votolato found that Stone did not meet his burden of proving this allegation.

Judge Votolato is correct that a large number of lawsuits on their own is insufficient to prove a wrongful purpose. Stone has failed to bring any new facts to light that would merit further inquiry into this matter. For these reasons, the judgment of the Bankruptcy Court on Stone's claim for abuse of process is affirmed.

### *Consequential damages*

Finally, Stone claims that he is entitled to consequential damages resulting from having his rental property lost through foreclosure. As Judge Votolato pointed out, Stone's claims for consequential damages are the most inchoate and indeterminate of all his claims.

Stone alleges that his loss, through foreclosure, of a rental property in East Providence in May 2010 was the result of McKenna's refusal to pay Stone's workers compensation benefits.  He contends that the foreclosure resulted in loss of equity in the property in the amount of approximately $100,000, including the bank's legal fees. However, Stone's own testimony in the bankruptcy proceedings contradicts his assertions.

Stone testified that his tenants abandoned the East Providence property in September 2008. He also testified that the property had not been rented since late 2007 or early 2008 due to numerous housing code violations.  Additionally, Stone failed to produce evidence relating to how he had previously been paying the mortgage on the rental property and whether the payments were from rental income or other sources.

Judge Votolato concluded that many of Stone's problems relating to this property pre-dated his troubles with McKenna. While Stone had indeed presented evidence of his misfortunes, he did not present specific evidence to demonstrate McKenna's liability for those misfortunes. Citing the basic legal principles of causation, Judge Votolato stated that Stone had failed to

sustain his burden of proof, and thus disallowed the claim for consequential damages as well.

As Judge Votolato noted, Stone alleges many things, blaming all of his problems and misfortunes on McKenna, then leaves it up to the Court, without any specific evidence, to decide if there truly is any merit to his claims. For all these reasons, the judgment of the Bankruptcy Court disallowing Stone's claim for consequential damages is affirmed.

## **Conclusion**

This Court concludes the Bankruptcy Judge made no clearly erroneous findings of fact nor error of law. Judgment shall enter for Stone for $2,000.00 in unpaid wages against Defendants. Judgment shall enter for Defendants on all of Stone's remaining claims.

It is so ordered.

/s/Ronald R. Lagueux
Ronald R. Lagueux
Senior United States District Judge
March  13  , 2013